IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:02CV126

| MEINEKE DISCOUNT MUFFLER SHOPS, INC., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | ORDER |
| vs. | ) |  |
|  | ) |  |
| JAMES ADINOLFI, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Status Report and Affidavit of Amy K. Reynolds, both filed February 20, 2006.

The Court has already accepted the facts in Plaintiff's Verified Complaint as true and accurate. (*See* February 24, 2003 Order). Moreover, the Court outlined the procedural history of this case in an Order dated February 7, 2006. Therefore, repeating the facts and procedural history here is unnecessary.

In its February 7, 2006 Order, the Court issued a warrant for Defendant's arrest for Defendant's failure to comply with the Court's May 30, 2003 Agreed Final Order. Part of the Court's May 30, 2003 Order required Defendant to transfer control of the telephone number (201) 451-2950 to Plaintiff. Defendant refused to comply with the May 30, 2003 Order, thus necessitating the issuance of a warrant for his arrest. Although a warrant was issued on February 8, 2006, to date this warrant has not been executed.

Plaintiff now advises the Court that although Defendant did not voluntarily transfer

control of the telephone number (201) 451-2950 back to Meineke Discount Muffler Shops, Inc. ("Meineke" or "Plaintiff") as ordered by the Court, Defendant did transfer control of that number to Sam Abubakr, who in turn transferred control of the number to Plaintiff. Despite the fact that Defendant has never complied with the Court's May 30, 2003 Agreed Final Order, in light of Plaintiff regaining control of the telephone number, Plaintiff does not wish to expend judicial resources continuing this litigation. Therefore, Plaintiff advises the Court that the warrant does not need to be executed against Defendant.

Additionally, in the February 7, 2006 Order, the Court gave Plaintiff thirty days to submit documentation regarding the costs and fees it incurred in filing its May 19, 2005 motion and supporting memorandum. Plaintiff filed an Affidavit of Amy K. Reynolds contemporaneous with its Status Report, advising the Court that Plaintiff has incurred $1,200 in attorney's fees in pursuing its motion against Defendant for his breach of the May 30, 2003 Agreed Final Order. The Court finds that these requested fees are reasonable.

**IT IS, THEREFORE ORDERED** that the Clerk withdraw and not execute the February 8, 2006 warrant issued for Defendant's arrest.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $1,200 in attorneys' fees and is entitled to judgment against Defendant in the amount of $1,200.

**IT IS FURTHER ORDERED** that the Clerk send a copy of this Order to the United States Marshall Service, to Plaintiff's counsel, to Defendant's counsel, and to Defendant individually.[1]

---

[1] A review of this case leads the Court to conclude that Defendant has sought the services of numerous attorneys to assist in this matter. Out of an abundance of caution this Court directs the Clerk to send a copy of this Order directly to Defendant in case Defendant is no longer represented by the counsel listed with the Court.

Signed: March 3, 2006

Richard L. Voorhees
Chief United States District Judge